**Alfred WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47443.**

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

Thomas J. Purdom, Lubbock, for appellant.

Alton Griffin, Dist. Atty., Dicky Grigg, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for rape; the punishment, five years' imprisonment.

■ Appellant claims that the trial court committed fundamental error at the guilt stage of the trial in permitting a defense witness to be questioned by the prosecutor about two extraneous burglary offenses allegedly committed by the appellant. The witness, an acquaintance of both prosecutrix and appellant, testified to facts concerning the relationship between appellant and prosecutrix. On cross-examination the following exchange took place between the prosecutor and the witness without objection:

"Q Mrs. Cooper, have you heard that Alfred Williams was convicted of burglary in 1965 and sent to the penitentiary?

A Well, I heard that he had been in some trouble.

[DEFENSE ATTORNEY]: We will agree and stipulate that he went to the penitentiary, Your Honor.

THE WITNESS: May I say a word here?

THE COURT: No, wait a minute.

[DEFENSE ATTORNEY]: Your Honor, we will agree and stipulate that he has had judgments—

[PROSECUTOR]: Your Honor, I am willing to—

THE COURT: Mr. [Defense Attorney], this is all on Cross Examination, so let the State ask the witness what they want to, and if you have an objection, object to it.

Q You heard that Alfred Williams was convicted of burglary in 1970 and sent to the penitentiary?

A He told me.

Q Okay. You have heard it then?

A He told me himself when he came back where he had been."

Defense counsel made no objection to the questions; indeed, he appeared willing to stipulate to the prior convictions. Absent an objection, nothing is presented for review. Yates v. State, 488 S.W.2d 463 (Tex.Cr.App.1972); Rawlinson v. State, 487 S.W.2d 341 (Tex.Cr.App.1972).

■ Appellant says that the trial court erred in admitting prosecutrix' testimony that appellant assaulted her daughter immediately after raping prosecutrix, while

prosecutrix was lying on the bed beside them, still bound and naked. Where the offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven therewith, proof of all facts is proper. Joshlin v. State, 488 S.W.2d 773 (Tex.Cr.App.1972); Query v. State, 485 S.W.2d 924 (Tex.Cr.App.1972); Craig v. State, 478 S.W.2d 86 (Tex.Cr.App.1972); Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971). We find no error in admitting the testimony.

In three of his grounds of error appellant contends that the evidence is insufficient to show either rape by force or rape by threats. Prosecutrix testified that appellant pushed her down, held her, beat her with his fist, and threatened to kill her and her children, saying he had "done it before." Parts of her testimony were corroborated by her daughter, who heard prosecutrix screaming and observed a portion of the attack. A physician who examined prosecutrix after the alleged attack testified that he found minor contusions and abrasions on the prosecutrix' forehead, cheek and neck. The original assault took place in prosecutrix' living room, and the children whom appellant allegedly threatened were sleeping nearby in their bedrooms.

The jury was charged on rape by force and threats. In Gorman v. State, 480 S.W.2d 188 (Tex.Cr.App.1972), we said:

"When both force and threats are alleged, and there is evidence of each, it is not necessary that either the force or the threats alone measure up to the statutory definition . . . . The jury may consider the cogency that the threats may have contributed to the force and the intensifying influence that the force may have had on the threats . . . ."

See also McNairy v. State, 473 S.W.2d 209 (Tex.Cr.App.1971).

We think the evidence here is sufficient to meet this test. Appellant exhibited his willingness and ability to use force to accomplish his goal. The circumstances indicate he would have had opportunity to carry out his threats on prosecutrix and her children if he had decided to do so. The jury was justified in finding that appellant's use of force and threats caused prosecutrix to yield to him. We overrule appellant's contention.

Finding no error, we affirm the conviction.

Opinion approved by the Court.