Johnny Ray SEATON, Appellant,

v.

The STATE of Texas, Appellee.

No. 54195.

Court of Criminal Appeals of Texas, Panel No. 1.

April 5, 1978.

Rehearing En Banc Denied May 3, 1978.

---

James R. Thompson, Copperas Cove, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for aggravated rape of a child. Appellant was tried before a jury, which found him guilty of the offense and assessed his punishment, enhanced by one prior conviction, at ninety-nine years in the Texas Department of Corrections.

In his first ground of error, appellant contends that the evidence is insufficient to show that the rape was aggravated. V.T.C.A. Penal Code, Sec. 21.09, provides that:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years."

V.T.C.A. Penal Code, Sec. 21.03, provides that:

"(a) A person commits an offense if he commits . . . rape of a child as defined in Section 21.09 of this code and he:

\*      \*      \*      \*      \*      \*

"(2) compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone. . . ."

Appellant was indicted under Sec. 21.-03(a)(2) of this statute. He now contends that the evidence is insufficient to show that he compelled the submission of the prosecutrix by threats of death, serious bodily injury or kidnapping.

The prosecutrix, appellant's step-daughter, was nine years old at the time of trial. She testified that on the date of the offense appellant picked her up at their home and took her to Frank's Marina near Belton, where appellant worked a night shift. On the way to the marina, appellant stopped the car beside the lake and had sexual intercourse with her. After the prosecutrix testified that appellant put his penis between her legs and inserted it up inside her body, the prosecutor asked:

"Q. Okay. Had he hit you?

"A. [Prosecutrix] Yes, sir.

"Q. Where did he hit you, Keri?

"A. In my face.

"Q. How many times; do you know?

"A. No, sir.

"Q. Just one time, or a lot of times, or how much?

"A. I think a lot of times.

"Q. Where, on your face, did he hit you, Keri?

"A. Around in the mouth.

"Q. All right. How about your eyes, did he hit you around your eyes?

"A. Yes sir.

"Q. Okay. Now, did he get on top of you?

"A. Yes, sir.

"Q. Okay. Was he hitting you all the time while this was going on?

"A. Yes, sir."

The prosecutrix later testified to threats of harm made by appellant, but these were apparently made after appellant had completed the act. She testified that once during the commission of the offense she started fighting appellant and got out of the car, but that appellant pulled her back in the car by her hair. The prosecutrix later testified that appellant had threatened to kill her, but the record does not disclose whether this threat was made before or after appellant had intercourse with her.

Dr. Ralph Wallace, the treating physician, testified that when he saw the prosecutrix almost two days after the offense she had bruises on her face and head, two black eyes and other bruises on her body.

Photographic slides of the prosecutrix, introduced into evidence at trial, substantiate the accuracy of the doctor's testimony.

Appellant testified in his own behalf and denied that he committed the offense.

Upon review by this Court, the evidence must be viewed in the light most favorable to the jury's verdict. *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App.1977); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App. 1976); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr.App.1974). The jury found that appellant had compelled the prosecutrix's submission to the offense by threats of death or serious bodily harm, and we hold that the evidence is sufficient to support this verdict. The term "threats" is not limited to the use of verbal aggression but may include acts amounting to an offer to use future force. Threats may be communicated by actions, words or deeds. *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977); *Rogers v. State,* 550 S.W.2d 78 (Tex.Cr.App. 1977); see also *Williams v. State,* 500 S.W.2d 163 (Tex.Cr.App.1973).

In the instant case, the prosecutrix was an eight-year-old child at the time of the offense. She testified that appellant had hit her at the time in which he began the act of intercourse and that he continued beating her during the act. His acts in beating her, as she testified, constitute sufficient evidence of a threat of serious bodily injury to this prosecutrix. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in failing to grant his motion for a mistrial when the prosecutor called a key defense witness a "liar." Janis Seaton, wife of appellant and mother of the prosecutrix, was called as a witness by the defense. Upon cross-examination, the prosecutor asked the witness about a prior written statement that she had made to him concerning her discovery that the prosecutrix had been raped. The prosecutor asked:

"Q. That is your statement, is it not? That's your written statement?

"A. [Seaton] Mr. Odom, this is my statement that—

"Q. I'm asking you a question, Mrs. Seaton. Is that—

"The Court: Just answer the question.

"Q. —that you gave me.

"A. But it isn't the truth, because of what you told me.

\*      \*      \*      \*      \*      \*

"Q. Did you sign it in front of Mary Watson, a notary public for Bell County.

"A. No, sir, I did not.

"Q. Are you sure about that?

"A. I am certain, sir.

"Q. Do you see my signature on that statement, Mrs. Seaton, as a witness?

"A. Yes, sir, I do, Mr. Odom.

"Q. Are you saying I was standing right there when you swore to it in front of a notary?

"A. I am saying that you were not standing there, because you told me that if I went right with the State that I could have my daughter and that I would not have all the trouble that I'm having.

"Q. Mrs. Seaton, that is a lie and you know it.

"A. No, sir, it is not.

"The Court: Now, just a moment.

"[Defense Counsel] Your honor—

"The Court: Just a moment.

"[Defense Counsel] Your Honor—

"The Court: Disregard the statement made by the prosecutor.

"[Defense Counsel] Your Honor, I have a motion—

"[Prosecutor] Your Honor, I apologize to the Court—

"[Defense Counsel] —to make—

"[Prosecutor] —and to Mr. Holle. But she is impugning my professional integrity and—

"[Defense Counsel] Your Honor—

"The Court: Mr. Odom, have a seat. Make your motion."

At this time the jury was removed from the courtroom and defense counsel moved for a mistrial, which the court denied. When the jury returned, the court again instructed them:

"Now ladies and gentlemen, let me remind you, as I instructed you earlier in this proceeding, that it is only from the witness stand and from the witnesses who are testifying under oath, that you will hear evidence in regard to this trial, or the events which we are trying here in this proceeding. And you are not to consider, nor to take as evidence, any remarks made by the attorneys in this case, particularly with reference I call your attention to the remarks made immediately before the recess before lunch by the prosecuting attorney which you are not to consider. They are not evidence, they are unsworn to, and you are not to consider them as having any bearing on the credibility of the witness, nor the weight to be given to her testimony, and you are not to discuss or to mention in your deliberations any of the remarks so made during the proceeding . . ."

Appellant now contends that his defense was irreparably harmed by the prosecutor's statement and that the court should have granted his motion for mistrial at the time it was made. We have concluded that the harmful effect of the prosecutor's statement was cured by the trial court's instruction for the jury to disregard it.

Contrary to appellant's assertions, Seaton was not a material defense witness. Her testimony was corroborative of that of other defense witnesses. However, the context in which the prosecutor's statement was made, including the witness' equivocation, her resistance to cross-examination and her refusal to cooperate fully did not excuse the prosecutor's remark. The trial court immediately halted the examination and instructed the jury to disregard the outburst. After the jury was returned to the courtroom, the court further instructed them to disregard the statement.

An instruction to disregard will generally cure error except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Edmiston v. State*, 520 S.W.2d 386 (Tex.Cr.App.1975); see also *Torres v. State*, 552 S.W.2d 821 (Tex.Cr.App.1977); *Johnson v. State*, 527 S.W.2d 525 (Tex.Cr.App.1975). Further, the mere making of an improper statement, as the asking of an improper question, is generally cured by an instruction to disregard. *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977); *Graham v. State*, 546 S.W.2d 605 (Tex.Cr.App.1977); *Carey v. State*, 537 S.W.2d 757 (Tex.Cr.App.1976); *Ashley v. State*, 527 S.W.2d 302 (Tex.Cr.App.1975).

In the instant case, the prosecutor's statement was not so prejudicial as to require reversal and the trial court's prompt instructions to disregard were sufficient to cure the error. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in failing to quash the indictment when it failed to allege that the victim of the crime was a female. The record before this Court does not reflect that appellant filed a motion to quash on this ground; therefore, this ground of error is overruled.

In his fourth ground of error, appellant contends that the indictment is fundamentally defective because it failed to allege that the victim of the crime was a female.

V.T.C.A., Penal Code, Sec. 21.09 provides that:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife and she is younger than 17 years. . . ."

The indictment under which appellant was prosecuted alleged in part that appellant, ". . . did then and there intentionally and knowingly engage in sexual intercourse with Keri Ann W——, a child younger than 17 years and not the spouse of the said Johnny Ray Seaton and that the said Johnny Ray Seaton did compel

Keri Ann W_____ to submit to such act of sexual intercourse by threatening the imminent infliction of death and serious bodily injury . . ."

■ Since no motion to quash the indictment was filed in the trial court and, therefore, the sufficiency of the indictment is questioned for the first time on appeal, only jurisdictional defects will be considered. *Hughes v. State*, 561 S.W.2d 8 (Tex.Cr.App.1978); *Terry v. State*, 517 S.W.2d 554 (Tex.Cr.App.1975); *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). A jurisdictional defect in an indictment is a defect which renders the indictment insufficient in that it fails to allege the constituent elements of the offense. *Terry v. State*, supra. If the indictment alleges an offense was committed by the defendant, then it will be sufficient in law to support a verdict of guilty; only if the defect be of such a degree as to charge no offense against the law and thereby be void will an indictment be fundamentally defective and may therefore be raised for the first time on appeal. *American Plant Food Corp. v. State*, supra.

Therefore, this Court must ascertain whether this indictment, when read as a whole, sufficiently charges the offense of rape of a child. *Childs v. State*, 547 S.W.2d 613 (Tex.Cr.App.1977); *Clark v. State*, 527 S.W.2d 292 (Tex.Cr.App.1975). We hold that this indictment does charge an offense against the law and, therefore, is not fundamentally defective.

■ When read as a whole, the indictment alleges that appellant, a male,[1] had sexual intercourse with a person under the age of seventeen, not his spouse. "Sexual intercourse" is a term which has a specialized meaning in law. In Sec. 21.01, V.T.C.A. Penal Code, "sexual intercourse" is defined as "any penetration of the *female* sex organ by the *male* sex organ (emphasis added)." Thus, the allegation that appellant had sexual intercourse with a person is an allegation that he committed this act with a fe-

male. See *Finley v. State*, 527 S.W.2d 553 (Tex.Cr.App.1975). Therefore, the indictment, when read as a whole, sufficiently sets out this element of the offense. Cf. *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App. 1977); *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1976). See also, *Clark v. State*, 527 S.W.2d 292 (Tex.Cr.App.1975).

In *Ray v. State*, 154 Tex.Cr.R. 347, 221 S.W.2d 249 (1949), this Court was confronted with the same issue. Therein, the indictment for rape failed to allege that the victim was a female. While we note that that indictment did allege that the victim was "not the wife" of the defendant, we based our holding that the indictment was not fundamentally defective on the use of the feminine proper name of the prosecutrix. We stated, "[i]t is our conclusion that the name of victim, 'Linda,' is the name of a female and not a male person . . . Sex may adequately appear by the use of the given name of the victim and the use of the feminine pronoun." We also noted that the offense of rape can only be committed against a female. See also *Battle v. State*, 4 Tex.App. 595 (Tex.Cr.App.1878) and *Carter v. State*, 78 Tex.Cr.R. 240, 181 S.W. 473 (1915).

We need not discuss possible distinctions between the instant case and that of *Ray v. State*, supra, and cases cited therein. Instead, we base our decision in the instant case upon the essential allegation that the appellant had "sexual intercourse" with the prosecutrix, as defined in Sec. 21.01(3), V.T.C.A., Penal Code, which made the indictment, as a whole, sufficient to charge an offense, even absent an allegation that the prosecutrix was a "female." Appellant's fourth ground of error is overruled.

■ In pro se briefs, appellant raises various other grounds of error, including the contentions that his prior conviction alleged in the indictment is void and that he was not permitted to call three witnesses in his behalf at trial. We have carefully ex-

---

1. In the body of the indictment, there is contained a reference to appellant by the use of the masculine pronoun.

amined appellant's briefs and the record before this Court and find all of his pro se contentions to be totally without merit.

The record also contains various pro se writs of habeas corpus which appellant has untimely filed. In this regard, we direct appellant's attention to Article 11.07, Vernon's Ann.C.C.P.

The judgment is affirmed.