David Leon HOLDER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 61823 to 61828.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 15, 1982.

Rehearing Denied Jan. 26, 1983.

Douglas H. Parks, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., and Bruce Evan Foster, Jerry Banks, Gregg Long and Gerry Holden Meier, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and ROBERTS and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from convictions of aggravated sexual abuse. The jury found the appellant guilty; the trial court assessed punishment in each case at confinement for life.

In each case, the appellant contends that the evidence is insufficient to prove the aggravating elements required by V.T.C.A. Penal Code, Section 21.05(a)(2).

These appeals involve three separate incidents of sexual abuse. Approximately two months before the first incident, the appellant approached S———— G————, an eleven year old boy, and offered him a job delivering circulars. However, this was only a ploy to get the boy to return the following day. The next day the appellant took S———— G———— to an isolated spot near Lake Ray Hubbard, where he gave the boy a "physical". Among other things, the "physical" involved an act of sexual contact. The appellant gave S———— G———— another "physical" the following day at the appellant's house.

Within a short period of time, the appellant recruited R———— G———— and T———— H————, friends of S———— G———— who were ages nine and twelve, respectively, by similar means. The appellant suggested to the three boys a method of making money. The boys were to approach other young boys selected by the appellant and say they were looking for a lost circus dog. They were to offer the boys selected by the appellant a ten dollar reward for their help in finding the dog. When the appellant's three young recruits were successful in their efforts they were to beat up the targeted boys, and were to force them to engage in oral sodomy with each other.

On May 19, 1978, the appellant selected two victims, D———— W———— C————, Jr., a seven year old boy, and M———— A———— C————, a seven year old boy (Cause Nos. 61,823 and 61,826). Two of the appellant's three recruits followed the suggested procedure. When the two victims refused to help them, one of the recruits said "they were going to bust our goddamn head in on the concrete" if the two boys did not go with them. The two boys were then forced to accompany the appellants' recruits to a nearby creek, where the recruits then kicked them and hit them with their fists and with sticks. The

appellant's third recruit then arrived and made the two victims fight each other. The victims were then forced to undress and perform acts of oral sodomy upon each other. The appellant did not participate in either the beatings or in the deviate sexual intercourse. He did, however, observe the activities. In addition, there was testimony that he directed the activities with silent hand signals he had set up with his recruits.

The second incident occurred on the morning of May 30, 1978. The appellant's selected victims were D_____ L_____ P_____ and T_____ P_____ (Cause Nos. 61,824 and 61,825), two brothers who were ages eight and six. The incident followed the same pattern as the earlier incident, except that there was no testimony about a threat made by the appellant's recruits.

The third incident occurred on the afternoon of May 30, 1978. The appellant's selected victims were J_____ P_____ and M_____ M_____, both eight years old (Cause Nos. 61,827 and 61,828), and D_____ M_____, the five year old brother of M_____ M_____. Again the boys were assaulted by the appellant's recruits and forced to commit oral sodomy on each other. Again the appellant did not participate in either the beatings or the deviate sexual intercourse. He did, however, throw D_____ M_____ into a thorn bush.[1] Like the second incident, there was no testimony concerning any threat made by the appellant or his recruits.

The State concedes that none of these victims suffered serious bodily injury, as defined by V.T.C.A., Penal Code, Section 1.07(a)(34). Indeed, the evidence shows that each victim's physical injuries consisted of scratches, bruises, and, in some cases, bloody noses. The State also concedes that in none of these cases was a deadly weapon displayed or used.

The indictment in each case charges that the appellant

"acting together with R_____ G_____ and S_____ G_____, the Defendant did intentionally and knowingly cause innocent and non-responsible persons, to-wit: [first victim], to engage in deviate sexual intercourse with [second victim], a child younger than seventeen years and not then the spouse of the said [first victim], to place his genitals in contact with the mouth of the said [second victim], with the intent to arouse and gratify the sexual desire of the Defendant, such compulsion being by threat of serious bodily injury to be imminently inflicted on the said [second victim] and [first victim]. . . ."

The appellant was thus charged with the offense of aggravated sexual abuse under the provisions of V.T.C.A., Penal Code, Section 21.05.[2] That section provides:

"(a) A person commits an offense if he commits sexual abuse as defined in Section 21.04 of this code or sexual abuse of a child as defined in Section 21.10 of this code and he:

\* \* \* \* \* \*

(2) compels submission to the sexual abuse by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone."

V.T.C.A., Penal Code, Section 21.10, provides:

"(a) A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years."

The aggravating elements contained in V.T.C.A., Penal Code, Section 21.05(a)(2), which elevate the offense of sexual abuse to aggravated sexual abuse, are identical to those contained in V.T.C.A., Penal Code, Section 21.03(a)(2), which elevate the of-

---

1. The appellant was apparently not charged with the commission of aggravated sexual abuse upon D_____ M_____.

2. These indictments also charge the appellant with the commission of the offense under the law of parties. *See* V.T.C.A., Penal Code, Sections 7.01(a) and 7.02(a)(1) and (2).

fense of rape to aggravated rape. In *Rucker v. State,* 599 S.W.2d 581, 586 (Tex.Cr. App.1979) (opinion on rehearing), we said:

"In *Rogers v. State,* 575 S.W.2d 555 (Tex. Cr.App.1979), it was held that, absent an express verbal threat, evidence was sufficient to prove aggravated rape under said Section 21.03(a)(2) only when a gun, knife, or a deadly weapon was used, or serious bodily injury was in fact inflicted. In absence of a verbal threat, we conclude *Rogers* was correct in interpreting V.T.C.A., Penal Code, Sec. 21.03(a)(2), as reflecting the legislative intent."

Since the aggravating elements contained in V.T.C.A., Penal Code, Section 21.05(a)(2), are identical to those contained in Section 21.03(a)(2), we conclude that the same proof is necessary to establish them.

■ In these cases, no serious bodily injury was in fact inflicted and no deadly weapon was used or displayed. In four of these cases, Cause Nos. 61,824; 61,825; 61,827; and 61,828, there was also no evidence that the appellant or his three young recruits made any express verbal threats of serious bodily injury. For these reasons, we hold that the evidence is insufficient to prove the aggravating elements of V.T.C.A., Penal Code, Section 21.05(a)(2) in Cause Nos. 61,824; 61,825; 61,827; and 61,828.

In the remaining two cases, there was testimony of an express verbal threat of serious bodily injury. This testimony is sufficient to prove the aggravating elements of Section 21.05(a)(2), in Cause Nos. 61,823 and 61,826.

■ In his second ground of error, the appellant contends that the trial court erred in refusing his requested jury instruction, which would have informed the jury of the provisions of V.A.C.C.P., Article 46.03, Sections 4(a) and 4(b). In *Granviel v. State,* 552 S.W.2d 107, 122 (Tex.Cr.App.1976), we held "Art. 46.03, supra, to be directory and a guideline for the trial court rather than a matter for the jury's concern." The trial court did not err in refusing to give the appellant's requested charge.

■ In his third ground of error, the appellant contends that the life sentences he was assessed in these cases were excessive and constitute cruel and unusual punishment. This contention has been decided adversely to him in *Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982); and *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

■ In his fourth ground of error, the appellant contends that the trial court erred in overruling his objection to a portion of the prosecutor's argument. The complained of argument was:

"Let's not forget what we are here about. We are to determine whether this man is guilty or not guilty. Whether he was legally insane at the time he is charged with this.

"I hope you don't focus on him. I hope you remember every one of those witnesses from that witness stand and the ones that you didn't see."

The appellant objected to the argument for the reason that it asked the jury "to consider matters that were not before the Jury in evidence." The trial court properly overruled this objection. In fact, there had been testimony, to which the appellant did not object, that the appellant and his recruits had engaged in their bizarre assaults on twelve to fifteen occasions. For this reason, the prosecutor's argument was not outside the record.

The judgments in Cause Nos. 61,823 and 61,826 are affirmed.

The judgments in Cause Nos. 61,824; 61,-825; 61,827; and 61,828 are reversed; the trial court shall enter an order of acquittal in each of these four causes.

McCORMICK, Judge, dissenting in part and concurring in part.

The majority of this panel has reversed four of appellant's six convictions for sexual abuse of a child because no deadly weapon or verbal expression of aggression were used or exhibited so as to communicate a "threat." See *Rucker v. State,* 599 S.W.2d 581 (Tex.Cr.App.1979), and *Rogers v. State,* 575 S.W.2d 555 (Tex.Cr.App.1979).

The majority ignores the common sense fact that a person who is being beaten is just as much threatened with the infliction of serious bodily injury as someone who has a gun pointed at him or has a knife at his throat. You do not have to tell someone you are threatening him when he is being beaten, because to the person being beaten it is painfully obvious. For these reasons, *Rucker* and *Rogers* were wrongfully decided and the proper rule to be applied to these cases is as expressed in *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978). In *Seaton,* a panel of this Court determined that "threats" are not restricted to those coming from the use or exhibition of a deadly weapon or mere verbal expressions of aggression, but also include non-verbal conduct which conveys an offer or willingness to use force in the future if certain acts on the part of the threatened person are done or not done as the case may be.

In *Seaton,* the defendant was convicted of aggravated rape of a nine-year-old child. The complainant testified that after defendant achieved penetration of her he hit her several times in the face, mouth and eyes. There were also verbal expressions of aggression which were not made until after the aggravated rape offense had been completed and thus could not suffice to establish the aggravating circumstances required under V.T.C.A., Penal Code, Section 21.-03(a)(2). Therefore, excluding the evidence of verbal threat from consideration together with the absence of any serious bodily injury or the use or exhibition of any deadly weapon the only evidence of threat to satisfy the requirements of Section 21.03(a)(2) were bruises on the body, face and head of the complainant and two black eyes.

In all four cases in which the majority would reverse appellant's convictions, the victims were younger than the complainant in *Seaton,* all suffered bruises, cuts, bloody noses, etc., not dissimilar from those in *Seaton.*

As recognized in the majority opinion, the elements and proof under V.T.C.A., Penal Code, Section 21.05(a)(2), involved here are identical to those in Section 21.03(a)(2) on which *Seaton* is based. In *Rucker v. State,* 599 S.W.2d at 586, the majority of the Court held that "[t]here can be no question that a threat can be communicated or conveyed other than by words. Actions and deeds may also constitute threats ... [citations omitted]. This has been the rule both before and after the enactment of the Penal Code."

Section 21.05(a)(2), supra, currently provides that:

"(2) By acts, words or deeds places the victim in fear of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone; ..."

However, at the time of the offense, it provided that:

"... compels submission to the sexual abuse by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone."

Clearly, being beaten carries with it the implied assertion that such beating will continue and could lead to serious bodily injury or death, unless the person being beaten submits to do or not to do the act desired.

By the present form of Section 21.-05(a)(2), supra, the Legislature has expressed its displeasure (and corruption of its intent as formerly expressed) with *Rucker* and *Rogers* and re-emphasized that it intended a *Seaton*-like construction of the statute.

*Rucker* and *Rogers* appear to have been overruled sub silento by their marked lack of use as authority and by the fact that the Legislature has amended both Sections 21.-03(a)(2) and 21.05(a)(2) so as to include as an aggravating circumstance the type of threat used here. This Court should fully and finally lay *Rucker* and *Rogers* to rest and return to a construction compatible with Sections 21.03(a)(2) and 21.05(a)(2), and as expressed in *Seaton v. State,* supra.

I dissent to the reversals in Causes No. 61,824, 61,825, 61,827 and 61,828. I concur in the result in Causes No. 61,823 and 61,-826.