William McKinley ELKINS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–017–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 13, 1984.

Quillin, Thompson & Jones and Larry M. Thompson, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Darrell G. Adkerson, Dist. Attys., Fort Worth, for the State.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

William McKinley Elkins appeals his conviction by a jury for the offense of aggravated rape, with punishment assessed by the court at life imprisonment in the Texas Department of Corrections upon his plea of true to the enhancement paragraphs of the indictment. In his sole ground of error, he asserts that the evidence is insufficient to show that the rape was an aggravated rape.

We affirm, because we find that the evidence is sufficient to support the conviction.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

The indictment in this case alleged that Elkins did:

Then and there intentionally and knowingly by threats and force, and without her consent, have sexual intercourse with E_____ B_____, a female who was not his wife, and in the course of said criminal episode the defendant, in the presence of E_____ B_____, by acts, words and deeds threaten to cause serious bodily injury and death to be imminently inflicted on E_____ B_____ and the defendant by acts, words, and deeds placed E_____ B_____ in fear of serious bodily injury and death to be imminently inflicted on E_____ B_____, . . .

The court's charge also instructed the jury that in order to find Elkins guilty of aggravated rape, they must find that he had sexual intercourse with E_____ B_____ and that in the course of said criminal episode the defendant intentionally and knowingly, in the presence of E_____ B_____, by acts, words or deeds, threatened to cause serious bodily injury or death to be imminently inflicted on her and further, that the defendant did then and there intentionally and knowingly by acts, words or deeds place the said E_____ B_____ in fear of serious bodily injury or death to be imminently inflicted on her. Otherwise, the jury was instructed to find the defendant not guilty of aggravated rape.

The aggravated rape statute applicable to this April 1983 offense is TEX.PENAL CODE ANN. sec. 21.03, as amended by Act of May 25, 1981, ch. 202, sec. 1, 1981 Tex. Gen.Laws 471; since repealed by Act of June 19, 1983, ch. 977, sec. 12, 1983 Tex. Gen.Laws 5311, 5321. The statute provides in substance that one is guilty of aggravated rape if he commits rape, as defined in sec. 21.02 of the Penal Code, and, among other acts, places the victim in fear of death or serious bodily injury by his acts, words, or deeds, or, if, by acts, words, or deeds, occurring in the presence of the victim, he threatens to cause death or serious bodily injury.

It is not necessary to prove the existence of both threats of death or serious bodily injury and placing the victim in fear of death or serious bodily injury, and normally proof of either would be sufficient if the charge alleged alternative means of committing the offense of aggravated rape. However, the charge here in-

structed the jury that to find Elkins guilty of aggravated rape they must find the existence of both threats of death or serious bodily injury and the placing of the victim in fear of death or serious bodily injury. Under these circumstances, it was necessary to prove both of those elements of the offense of aggravated rape. *See Ortega v. State*, 668 S.W.2d 701 (Tex.Crim.App.1983).

Elkins, who rented a room in E_____ B_____'s home, returned at 9:00 p.m. on April 8, 1983. Finding the door locked, he knocked loudly on the door until E_____ B_____ came to unlatch the screen door and allowed him to enter. Upon entering the house, Elkins hit her on the head, knocked her to the floor, and then dragged her into her bedroom where he savagely and sadistically sexually attacked her. During the attack, which lasted for approximately three hours, he more or less alternated penetrating her vagina with his penis and inserting his hand into her vagina, causing her great physical pain and considerable vaginal bleeding. At one point in this ordeal, he put his arm around her throat and choked her until she momentarily blacked out. At another point in the attack, E_____ B_____ grabbed a gun which she kept beside her bed, and when Elkins took it from her, the gun discharged. She testified that Elkins never threatened her with the gun nor indicated he would use it on her, and she at no time testified that he made any verbal threats of any kind to her.

Elkins left E_____ B_____'s home about 12:00 a.m. on April 9, 1983, taking her car keys with him. After that E_____ B_____ went to a friend's house for several hours, and eventually, about 4:00 a.m., went to John Peter Smith Hospital in Fort Worth for examination. There she was examined by a physician on the staff of the hospital, who found no signs of trauma about her head or body, and no blood or flesh under the fingernails. There were bruises on the inner aspects of her thighs, and two lacerations, one on each side of the lips of the vagina. There were also three smaller tears at the opening of the vagina. The doctor testified that this area is highly vascular and that tears of the vaginal mucosa and labia tend to bleed profusely.

There is no question that the State sufficiently proved beyond a reasonable doubt that Elkins placed E_____ B_____ in fear of serious bodily injury. Appellant admits that in his brief, but insists that there is no evidence at all of threats by Elkins either by acts, words, or deeds, of serious bodily injury or death.

■ We find that the evidence that Elkins choked the complainant until she blacked out and also caused her to bleed profusely is sufficient to show that by acts or deeds, he threatened to cause serious bodily injury or death to be imminently inflicted on her.

Elkins relies on the cases of *Blount v. State*, 542 S.W.2d 164 (Tex.Crim.App.1976); *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim. App.1979); and *Taylor v. State*, 637 S.W.2d 929 (Tex.Crim.App.1982). All of these authorities are distinguishable from the case at bar. Although Elkins asserts that the facts in *Blount* are similar to those in the case at bar, in *Blount* the prosecutrix suffered only a bruise. There was no evidence of profuse bleeding or choking to the point of unconsciousness such as we have in this case.

■ *Rucker* involved bleeding, but it was a nose bleed, and the case did not also involve choking to unconsciousness. In that case, the Court of Criminal Appeals, relying on its prior decision of *Rogers v. State*, 575 S.W.2d 555 (Tex.Crim.App.1979), held that absent an express, verbal threat, the evidence is sufficient to prove an implied threat of death or serious bodily injury only when a gun or knife was used, or serious bodily injury was in fact inflicted, or both. If *Rucker* were still in effect, a reversal of this case would be required. The holding in *Rucker* conflicted with the earlier Court of Criminal Appeals panel opinion of *Seaton v. State*, 564 S.W.2d 721 (Tex.Crim.App.1978), which held that threats may be communicated by acts, words, or deeds. At the time of *Rucker*,

sec. 21.03 of the Texas Penal Code provided that a rape was aggravated if the person committing the rape "compels submission to the rape by threat of death, serious bodily injury, or kidnapping to be imminently inflicted on anyone." TEX.PENAL CODE ANN. sec. 21.03 (Vernon 1974). After the decision in *Rucker*, the legislature amended the Penal Code to provide that a rape is aggravated if the person committing the rape "by acts, words, or deeds occurring in the presence of the victim, threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone, ...." Act of May 25, 1981, ch. 202, sec. 1, 1981 Tex.Gen.Laws 471. Although sec. 21.03 has been repealed, this is basically the requirement for aggravated sexual assault provided in sec. 22.021 of the present Code. It has been held, and we agree, that the legislature, by adopting the "acts, words, or deeds" language of *Seaton*, intended to overrule *Rucker* and show its approval of the holding in *Seaton*. *Bank v. State*, 662 S.W.2d 627 (Tex.App.—Houston [14th Dist.] 1983, pet ref'd); *Seek v. State*, 646 S.W.2d 557 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Therefore, *Rucker* is not applicable to the case at bar since this case is controlled by the statute as amended. We also note that the *Blount* case also rose under the prior statute.

In *Taylor*, the State was required to prove under the court's charge that the defendant threatened the victim with imminent bodily injury by using or exhibiting a handgun. The facts showed that the complaining witness was not actually aware that the defendant or his partner in the robbery had a handgun. She had seen the outline of a gun in the partner's pocket, but he was in another part of the store at the time that she was threatened by the defendant. This case is not relevant to the case at bar because in this case the State was not required to prove the use of a weapon.

We overrule Elkins' sole ground of error.

The judgment of conviction is affirmed.