Affirmed and Opinion filed November 23, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00870-CR



 

Juan Antonio Arriaga, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1063929



 

OPINION

 

Appellant Juan Antonio Arriaga pleaded guilty to the
first-degree felony of aggravated sexual assault of a child under 14 years of
age.  He received deferred adjudication and was placed on community supervision
for five years.  See Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B),
(e) (Vernon 2003); see also Tex. Crim. Proc. Code Ann. art. 42.12 § 5
(Vernon 2006).  The State subsequently filed a motion to adjudicate guilt based
on alleged violations of appellant’s community service requirements; appellant
pleaded true to the allegations in the State’s motion.  The trial court adjudicated
appellant guilty and sentenced appellant to life imprisonment.  See Tex.
Penal Code Ann. § 12.32 (Vernon 2003).  Appellant appeals his sentence and
requests a new punishment hearing.  We affirm.

BACKGROUND

Appellant
was indicted on four counts of aggravated sexual assault of a child less than 14
years of age.  The charges relate to offenses appellant allegedly committed
against his daughter, G.P., and his stepdaughter, L.A.  While the charges were
pending, U.S. Immigration and Customs Enforcement filed an immigration detainer
and informed the trial court that appellant’s immigration status was under
investigation.    

Appellant
entered into a plea bargain with the State and pleaded guilty to one of the
four counts.  The trial court deferred adjudication of appellant’s guilt and
placed appellant on five years of community supervision on June 19, 2007. 
Appellant was required to comply with various community supervision
requirements, which included (1) reporting monthly to his community supervision
officer; (2) registering as a sex offender; (3) abiding by federal and state
law; and (4) refraining from personal, telephone, written, or internet contact
with G.P. and L.A.  The State moved to dismiss the other counts based on the
deferred adjudication order.  Appellant was immediately taken into the custody
of federal immigration officials and subsequently deported to El Salvador.  

Appellant
re-entered the United States in 2009.  While living and working in Louisiana,
appellant was arrested on unrelated charges and extradited to Harris County. 
The State filed a motion to adjudicate appellant’s guilt, claiming appellant
violated the terms of his community supervision after returning to the United
States by failing to 
(1) report to his community supervision officer; and (2) register as a sex
offender.  Appellant pleaded true to the State’s allegations.  

At the
punishment hearing, appellant testified that he understood the allegations in the
State’s motion to adjudicate.  Appellant testified that he had been in contact
with G.P. and L.A. via telephone, and he had re-entered the country illegally;
these activities also violate appellant’s community supervision requirements. 
Appellant testified that he did not think he had to comply with the
requirements because an immigration official informed appellant that his community
supervision was “deleted” and threw appellant’s community supervision paperwork
in the trash.  Appellant testified that he did not return to Harris County when
he re-entered the United States because he “was afraid of that case that [he
has] and [didn’t] want anything related to it.”  The State requested that the
trial court sentence appellant to no less than 35 years in prison.

The
trial court adjudicated appellant guilty, sentenced appellant to life in
prison, and certified appellant’s right to appeal.  

ANALYSIS 

On appeal, appellant argues that (1) his life
sentence for aggravated sexual assault of a child less than 14 years of age
constitutes cruel and unusual punishment prohibited by the Eighth Amendment
because it is unconstitutionally excessive; and (2) he received ineffective
assistance of counsel at the punishment hearing because his trial counsel did
not investigate or present testimony from appellant’s brother regarding
appellant’s “good character traits.”

I.         Cruel and Unusual Punishment

The
Eight Amendment prohibits cruel and unusual punishment, which includes “extreme
sentences that are grossly disproportionate to the crime.”  See Graham v.
Florida, 130 S. Ct. 2011, 2021 (2010) (quotation omitted). Appellant
argues that his life sentence is unconstitutionally excessive in light of Graham. 


Appellant
was required to make a timely objection to the trial court to preserve his
complaint that his life sentence for aggravated sexual assault of a child was
unconstitutionally excessive.  See Tex. R. App. P. 33.1(a)
(regarding timely objection, request, or motion to preserve error); see also
Kim v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d)
(appellant waived argument that seven-year sentence for burglary of a
habitation was cruel and unusual punishment because appellant failed to raise
issue to trial court); Benson v. State, 224 S.W.3d 485, 498 (Tex.
App.—Houston [1st Dist.] 2007, no pet.) (appellant waived argument that 12-year
sentence for aggravated assault with a deadly weapon was cruel and unusual
punishment because appellant failed to raise issue to trial court); Labra v.
State, No. 14-07-00514-CR, 2008 WL 2261456, at *1 (Tex. App.—Houston [14th
Dist.] May 27, 2008, no pet.) (mem. op., not designated for publication)
(appellant waived argument that 40-year sentence for felony delivery of a
controlled substance was cruel and unusual punishment because appellant failed
to raise issue to trial court).  Appellant did not raise the issue at his
sentencing hearing or in his motion for new trial.  Appellant made a
passing reference in his motion for new trial that he did not deserve “such a
severe sentence,” but the reference was made in connection with appellant’s
ineffective assistance of counsel claim — not a claim that his punishment was
excessive.

Appellant
maintains that he did not waive his Eight Amendment challenge because (1) he
relies on Graham; and (2) Graham represents a departure from
prior case law.  Appellant argues that Graham requires this court
to examine a defendant’s “crimes and characteristics” to determine whether the
severity of the punishment for that particular defendant is excessive.  Under
the analysis posited by appellant, this court must consider mitigating evidence
in determining whether his punishment as assessed is disproportionate.  

Graham
held that a sentence
of life imprisonment without parole for a non-homicide crime committed by any
minor defendant is categorically unconstitutional under the Eighth Amendment.  Graham,
130 S. Ct. at 2034.  In so doing, Graham discussed two separate standards. 
One standard focuses on whether the length of a term-of-years sentence is
grossly disproportionate to a particular defendant’s crime.  Id. at
2021–23.  The second standard addresses categorical challenges to the imposition
of the death penalty, such as in cases involving non-homicide crimes and crimes
committed by minor defendants.  Id.  The Supreme Court concluded that
the Eighth Amendment challenge at issue in Graham should be governed by
the second standard.  Id.  

Appellant
does not argue that a sentence of life imprisonment for aggravated sexual
assault of a child is a categorically unconstitutional punishment.  Instead, he
argues that the length of his term-of-years sentence is excessive in light of
his particular circumstances.  The analysis of appellant’s argument is
controlled by the standard that applies when a categorical challenge is not
being asserted.  See id. at 2021–22; see also Ex parte Chavez,
213 S.W.3d 320, 324 n.20 (Tex. Crim. App. 2006) (“[A]part from the amorphous ‘gross-disproportionality’
standard . . . the Eight Amendment . . . imposes
no apparent limitation on the discretion of the sentencing entity, be it judge
or jury, including any requirement that punishment be informed by the
particular circumstances of the offense and/or the offender.”) (discussing Lockyer
v. Andrade, 538 U.S. 63 (2003), and Harmelin v. Michigan, 501 U.S.
957, 995, 1006 (1991) (Scalia, J., announcing judgment of the Court; Kennedy,
J., concurring)).  Graham did not alter the contours of the specific Eighth
Amendment challenge being asserted in this case.  See Welch v. State,
No. 14-09-01020-CR, slip op. at 8 (Tex. App.—Houston [14th Dist.] Nov. 23,
2010, no pet. h.) (“[T]he Court was not required to revisit the question of
whether the Eighth Amendment mandates individualized consideration for a term
of years sentence.  Therefore, discussion of a constitutional rule regarding
mitigating evidence is conspicuously absent from the decision, and we do not
find merit in the argument that Graham implicitly established
appellant’s proposed rule.”) (citations omitted). Therefore, appellant cannot
rely upon Graham to excuse a lack of preservation in the trial court.

Even if
appellant had preserved his Eighth Amendment challenge for our review,
appellant’s life sentence for aggravated sexual assault of a child is not
unconstitutionally excessive.  We analyze appellant’s Eighth Amendment challenge
by reviewing the proportionality of the sentence compared to the crime.  See
Graham, 130 S. Ct. at 2022 (citing Harmelin, 501 U.S. at 1005
(Kennedy, J.) (plurality opinion)).  Our objective analysis is guided by (1)
the gravity of the offense and the harshness of the penalty; (2) the sentences
imposed on other criminals in the same jurisdiction; and (3) the sentences
imposed for the commission of the crime in other jurisdictions.  Id.;
Culton v. State, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d).  Only if we find that the sentence is grossly
disproportionate to the offense under the first factor will we then consider
the second two factors to determine whether the sentence was unconstitutionally
excessive.  Graham, 130 S.Ct. at 2022 (citing Harmelin, 501
U.S. at 1005 (Kennedy, J.) (plurality opinion)); Culton, 95 S.W.3d at
403–04 (enhanced sentence of life imprisonment for second-degree felony sexual
assault of a child over 14 years of age not disproportionate because appellant
had history of felonious sexual assaults).  

The
Texas Legislature has determined that the first-degree felony of aggravated
sexual assault of a child less than 14 years of age is punishable by
imprisonment for life, or by imprisonment for five to 99 years.  See Tex.
Penal Code Ann. §§ 12.32; 22.021(a)(1)(B), (a)(2)(B), (e).  This legislative
policy determination is entitled to wide deference.  See Harmelin,
501 U.S. at 998 (Kennedy, J.) (plurality opinion); Ewing v. California,
538 U.S. 11, 25 (2003) (O’Connor, J.) (plurality opinion).  Appellant’s
life sentence falls within the range permitted by the Texas Penal Code.  See
Tex. Penal Code Ann. § 12.32.

The
analysis here does not turn on whether the trial court initially deferred appellant’s
adjudication of guilt.  See, e.g., Buerger v. State, 60
S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d)
(appellant’s 15-year sentence rests upon adjudication of guilt for crime
alleged, not appellant’s violation of community supervision requirements that
led to revocation of deferred adjudication); see also Knight v. State,
No. 14-02-00615-CR, 2003 WL 1988555, at *2 (Tex. App.—Houston [14th Dist.] May
1, 2003, pet. ref’d) (not designated for publication) (addressing
constitutionality of appellant’s 25-year sentence based on offense of
aggravated sexual assault of a child, not based on appellant’s violation of community
supervision requirements that led to revocation of deferred adjudication).

The
trial court’s sentence of life imprisonment is not grossly disproportionate to
appellant’s commission of aggravated sexual assault of a child less than 14
years of age, the crime to which appellant pleaded guilty.  See, e.g.,
Holder v. State, 643 S.W.2d 718, 721 (Tex. Crim. App. 1982) (three life
sentences for three separate convictions for aggravated sexual assault of a
child were not unconstitutionally excessive); Williamson v. State, 175
S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.) (three consecutive life
terms for three counts of aggravated sexual assault of a child not grossly
disproportionate); see also Williams v. State, No. 12-01-00311-CR, 2003
WL 1883474, at *5 (Tex. App.—Tyler Apr. 16, 2003, no pet.) (mem. op., not
designated for publication) (enhanced 99-year sentence for sexual assault of a
child not grossly disproportionate punishment because crime was a “serious” one
against a person with the potential for causing “severe emotional harm” to the
child).  

Accordingly,
we overrule appellant’s issue regarding the constitutionality of his life
sentence.

II.        Ineffective Assistance of Counsel 

Appellant
argues that he received ineffective assistance of counsel at the punishment
hearing because his trial counsel did not identify appellant’s brother, Carlos
Arriaga, as a potential witness who could testify regarding appellant’s “good
character traits.”  

To establish
ineffective assistance, appellant must establish that his counsel’s performance
(1) was deficient; and (2) prejudiced his defense.  See Smith v.
State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing Strickland v.
Washington, 466 U.S. 668, 687 (1984)).  To show deficiency of
representation under Strickland’s first prong, appellant must prove by a
preponderance of the evidence that his counsel’s representation objectively
fell below the standard of professional norms.  Smith, 286 S.W.3d at
340.  To show prejudice under Strickland’s second prong, appellant must
show there is a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Id.  Reasonable probability is a “probability sufficient to undermine
confidence in the outcome,” meaning “counsel’s errors were so serious as to
deprive the defendant of a fair trial, a trial whose result is reliable.”  Id. 


Appellant
filed a motion for new trial, in which he asserted that Carlos would have been
willing to testify at appellant’s punishment hearing.  Carlos would have
testified that it was “out of character” for appellant to commit an aggravated
sexual assault against a child, and that appellant had friends and family who
could “provide guidance to him.”  Appellant attached Carlos’s affidavit to the
motion; in his affidavit, Carlos swore to the same facts asserted in the
motion.  Appellant requested an evidentiary hearing on his motion, but the
record before this court is silent on whether (1) such a hearing was held; (2)
the affidavit was admitted into evidence; or (3) appellant’s trial counsel testified
regarding his representation of appellant at the punishment hearing.[1] 
Because the reasonableness of appellant’s trial counsel’s decision-making involves
facts that do not appear in the appellate record, the record before this court is
insufficient to show that Strickland’s first prong has been satisfied.  See
id. at 341.  

Even if
we assume for argument’s sake that appellant’s trial counsel performed
deficiently, appellant cannot show prejudice under the second Strickland prong. 
See id. at 344–45.  Before appellant is entitled to a hearing on his
motion for new trial alleging ineffective assistance of counsel, appellant must
at least allege facts that show reasonable grounds for the trial court to
believe that appellant could prevail under both prongs of Strickland.  Id.
at 338.  In the absence of a hearing on the appellant’s motion for new trial,
we presume that (1) the trial court knew from the motion for new trial and the
affidavit what Carlos’s testimony at a hearing would be; and (2) even assuming
any such testimony to be accurate and reliable, the trial court knew the facts
alleged in the motion would not have influenced its “ultimate normative
judgment” in assessing punishment within the statutory range.  Id. at
345.  Thus, the trial court could have concluded without the necessity of a
hearing that the appellant suffered no prejudice from any alleged deficiency on
appellant’s trial counsel’s part.  Id.

We
overrule appellant’s issue regarding ineffective assistance of counsel.

CONCLUSION

Having
overruled both appellant’s issues on appeal, we affirm the judgment of the
trial court.








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher.

Publish
— Tex. R. App. P. 47.2(b).









[1]
Allegations made in a motion for new trial or supporting affidavit are not
self-proving and must be offered into evidence at a hearing.  See, e.g.,
Rouse v. State, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009).  The clerk’s
record includes a copy of the docket sheet, which states that the motion for
new trial was “presented to the court” several days after it was filed; the
record does not include a hearing transcript or any other indication that the
affidavit or other evidence was presented to and admitted by the trial court.