**Affirmed and Memorandum Opinion filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-01008-CR

---

### MARTIN NOE MUZQUIZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 06CR3581**

---

## M E M O R A N D U M   O P I N I O N

In four issues, appellant Martin Noe Muzquiz appeals from the trial court's revocation of his deferred adjudication community supervision for aggravated sexual assault of a child less than fourteen years of age, a first-degree felony. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B), (e) (West, Westlaw through end of 2013 3d C.S.). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Appellant pleaded guilty to aggravated sexual assault of a child less than fourteen years of age and was placed on deferred adjudication community supervision for six years beginning March 2008. The State filed a motion to adjudicate and revoke community supervision in December 2008. The State filed an amended motion in September 2013. The State filed a second amended motion in October 2013, alleging that appellant:

1. failed to report in person to the Community Supervision Officer for the months of October, Novmber, and December 2008; January, February, March, April, May, June, July, August, September, October, November and December 2009; January, February, March, April, May, June, July, August, September, October, November and December 2010; January, February, March, April, May, June, July, August, September, October, November and December 2011; January, February, March, April, May, June, July, August, September, October, November and December 2012; January, February, March, April, May, June, July 2013;

2. failed to pay a Community Supervision fee to the Galveston County Community Supervision and Corrections Department as ordered and is currently $2,575.00 in arrears;

3. failed to pay Court Costs to the Galveston County Community Supervision and Corrections Department as ordered, and is currently $521.00 in arrears;

4. failed to reimburse Galveston County for compensation of appointed counsel as ordered, and is currently $961.25 in arrears;

5. failed to pay Crime Stoppers Program payment as ordered and is currently $25.00 in arrears;

6. failed to pay the Sexual Assault Program as ordered and is currently $330.00 in arrears;

7. failed to perform Community Service as approved by the Court;

8. failed to participate in psychological counseling for sex offenders; and

9. failed to report to his local Governmental entity his current address or subsequent change of address as mandated by Chapter 62 C[ode] of C[riminal] P[rocedure]. Defendant has not reported as a sex offender since April of 2008.

The trial court held a hearing on the State's October 2013 motion to revoke. Appellant pleaded "true" to violation number one and "not true" to the remainder.[1] After hearing testimony from several witnesses, including appellant, and reviewing the admitted documentary evidence, the trial court found all of the State's alleged violations "true," revoked appellant's community supervision, and assessed punishment at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, appellant raises four issues: (1) appellant's counsel at the revocation hearing was ineffective; (2) the trial court abused its discretion when it denied appellant's motion for new trial; (3) the trial court abused its discretion and violated appellant's right to due process when it revoked his deferred adjudication community supervision without considering mitigating circumstances; and (4) appellant's forty-five-year sentence violated the Eighth Amendment prohibition of cruel and unusual punishments. We address appellant's issues in the following order: three, one, four, and two.

## DISCUSSION

### A. The trial court did not abuse its discretion when it revoked appellant's deferred adjudication community supervision.

In his third issue, appellant does not complain about the sufficiency of the evidence supporting revocation. Instead, he asserts that the trial court denied him

---

[1] Appellant actually pleaded "that's possible" or "I'm not sure" to several of the allegations involving his failure to pay fees and costs. We interpret his responses as pleas of "not true."

due process when it failed to consider mitigating evidence in revoking his community supervision. In support of his contention, appellant argues that the trial court's characterization of the mitigating circumstances as "excuses" necessarily means the trial court did not consider the mitigating circumstances.

We review a trial court's decision to revoke deferred adjudication community supervision for an abuse of discretion. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Revocation is appropriate when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Because revocation implicates due process, a trial court abuses its discretion if it revokes a defendant's community supervision for an inappropriate reason, such as illegal discrimination or mere caprice. *See Leonard*, 385 S.W.3d at 577; *see also Dansby v. State*, 398 S.W.3d 233, 239–40 (Tex. Crim. App. 2013) (revocation for invoking Fifth Amendment privilege is unconstitutional); *Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012) (revocation for failure to pay fines without considering the reasons for the probationer's inability to pay or alternative measures would violate the United States Constitution) (discussing *Bearden v. Georgia*, 461 U.S. 660 (1983)).

Appellant did offer evidence of mitigating circumstances—such as chronic back pain, mental-health issues requiring medical treatment, renewed commitment to attending church services, and efforts to start a lamp-making business—to justify his failure to report. The record affirmatively shows, however, that the trial court considered appellant's mitigating evidence. The trial court stated, "[G]iven the type of crime this is and *the evidence presented* and your seeming to fail to take

4

responsibility for your actions, whether you're the same person or not, I'm sentencing you to 45 years in prison." (Emphasis added). After considering "the evidence presented" and in light of appellant's five-year failure to comply with the conditions of community supervision, the trial court found that revocation was justified.

Appellant testified that he understood his obligation to report. Appellant acknowledged his understanding that not reporting could result in revocation. Appellant did not report for five years. The trial court considered and, as the sole judge of the weight given to witness testimony, rejected the mitigating evidence presented by appellant. Appellant was afforded due process. The trial court did not abuse its discretion by revoking appellant's deferred adjudication community supervision. Appellant's third issue is overruled.

## B. Appellant did not meet his burden to show that defense counsel's allegedly deficient performance prejudiced the defense.

In his first issue, appellant complains that he received ineffective assistance of counsel because his counsel allegedly (1) failed to acquire appellant's medical records, (2) falsely reported the number of hours he worked on appellant's case, and (3) failed to adequately explain the consequences of pleading "true" to the State's failure-to-report allegation.

The Constitution guarantees effective assistance of counsel. *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013). To prevail on a claim of ineffective assistance of counsel, a defendant "must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense." *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Under the first prong, a defendant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of

5

reasonableness under the prevailing professional norms. *Id.* Under the second prong, a defendant must show that there is a reasonable probability that, but for the counsel's deficient performance, the result of the proceeding would have been different. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.*

Even if we assume defense counsel's performance was deficient, appellant must show a reasonable probability exists that, but for trial counsel's errors, the result of the revocation hearing would have been different. Appellant pleaded "true" to the State's allegation that he failed to report, which is alone sufficient to support revocation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Appellant contends, however, that defense counsel did not adequately explain the consequences of pleading "true." Appellant contends this failure harmed him because he would not have pleaded "true" to the State's failure-to-report allegation if he understood that he could be sentenced to as many as ninety-nine years in prison. Appellant's argument fails for two reasons. First, evidence in the record indicates defense counsel did explain that the trial court had discretion to sentence appellant within the entire range of punishment for the underlying offense. The evidence further indicates that appellant understood the consequences of failing to comply with the conditions of community supervision when he first agreed to deferred adjudication.

Second, appellant ignores that he pleaded "not true" to the State's remaining allegations. The trial court found all of the contested allegations true. Appellant did not challenge the sufficiency of the evidence supporting the trial court's findings. As an example, appellant pleaded "not true" to the allegation that he "failed to

6

reimburse Galveston County for compensation of appointed counsel as ordered, and is currently $961.25 in arrears." William Ordaz, appellant's community-supervision officer, testified that appellant owed $961.25 in attorney's fees. The trial court admitted a document showing that appellant was delinquent in paying his attorney's fees. The amount of the delinquency was $961.25. The trial court found true the State's allegation that appellant failed to reimburse Galveston County for compensation of appointed counsel as ordered, and is currently $961.25 in arrears. Proof of one violation is sufficient to support revocation. *Id.* Because the trial court found the contested allegations to be true, appellant cannot show that the result would have been different had defense counsel not advised appellant to plead "true" to the failure-to-report allegation.

Relying on *United States v. Cronic*, 466 U.S. 648 (1984), appellant next argues that defense counsel's representation amounted to "no defense at all" and we should presume prejudice in this case. "[I]f an appellant can demonstrate that defense counsel 'entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing,' so that there was a constructive denial of the assistance of counsel altogether, then prejudice, because it is 'so likely,' is legally presumed." *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008) (quoting *Cronic*, 466 U.S. at 659). Under the *Cronic* standard, defense counsel's failure to test the State's case must be "complete." *Bell v. Cone*, 535 U.S. 685, 696–97 (2002).

In stark contrast to the behavior of the defendant's counsel in *Cannon*, 252 S.W.3d at 350, the record in this case demonstrates that defense counsel was prepared for and participated in all aspects of the revocation hearing. Counsel presented opening and closing arguments, objected during the State's witness examination, cross-examined the State's witnesses, presented a witness, and implemented a defensive strategy. Appellant has not demonstrated on this record

that his counsel "entirely failed" to subject the prosecution's case to meaningful adversarial testing. *See, e.g.*, *Rodriguez v. State*, 425 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Appellant further contends that we should presume prejudice because defense counsel had a conflict of interest that affected his actions during the revocation hearing. Appellant claims that defense counsel had a financial incentive to continue litigating the case and to falsify billing records. Appellant argues that the conflict in this case was "inherent" in trial counsel's approach to the case. He further points out that "Texas Courts are beginning to recognize that financial incentives *may result* in a conflict of interest sufficient to invoke the *Cuyler* standard of review." (Emphasis added).

To prevail on his conflict-of-interest ineffectiveness claim, appellant must prove by a preponderance of the evidence that (1) trial counsel had an actual conflict of interest, and (2) the conflict actually colored counsel's actions during trial. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). "An 'actual conflict of interest' exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client." *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Appellant's claim will fail if (1) no evidence has been presented on the issue or (2) the evidence relevant to the issue is in perfect equipoise. *Odelugo*, 443 S.W.3d at 136–37.

We have not found, and appellant has not pointed us to, any evidence in the record showing counsel "actively represented conflicting interests," *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980); *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim. App. 1997), or reflecting a choice counsel made between alternate courses of action. *See Routier v. State*, 112 S.W.3d 554, 585–86 (Tex. Crim. App. 2003);

*Perez v. State*, 352 S.W.3d 751, 755 (Tex. App.—San Antonio 2011, no pet.). To the contrary, the record shows defense counsel had a strategy in mind—to admit the failure to report and ask for the court's leniency—and he implemented that strategy at the revocation hearing.

To the extent appellant asks us to find an actual conflict of interest from his bare assertion that a conflict was "inherent" or "may" have resulted from some vague financial incentive on the part of defense counsel, we decline to engage in such speculation. *See Cuyler*, 446 U.S. at 350 ("[T]he possibility of conflict is insufficient to impugn a criminal conviction."); *James v. State*, 763 S.W.2d 776, 780 (Tex. Crim. App. 1989) (potential conflict insufficient to support ineffectiveness claim); *Fulgium v. State*, 4 S.W.3d 107, 115 (Tex. App.—Waco 1999, pet. ref'd) (implied conflicts insufficient to support ineffectiveness claim).

Appellant did not carry his burden to show prejudice. The facts of this case do not support a presumption of prejudice under *Cuyler* or *Cronic*. Appellant's first issue is overruled.

**C.  Appellant's forty-five-year sentence for aggravated sexual assault of a child less than fourteen years of age was not cruel and unusual punishment.**

In his fourth issue, appellant contends that the trial court's imposition of a forty-five-year sentence for aggravated sexual assault of a child less than fourteen years of age constitutes a cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Constitution forbids extreme sentences that are "grossly disproportionate" to the crime. *Graham v. Florida*, 560 U.S. 48, 60 (2010). To

determine whether a sentence for a term of years is grossly disproportionate to a particular defendant's crime, the reviewing court must begin by comparing the gravity of the offense and the severity of the sentence. *Id.* In the rare case that this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* If this comparative analysis validates the reviewing court's initial judgment that the sentence is grossly disproportionate, then the sentence is cruel and unusual. *Id.*

Texas courts have long held that a punishment is not constitutionally prohibited if it falls within the range prescribed by statute. *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). The Texas Legislature has determined that the first-degree felony of aggravated sexual assault of a child less than fourteen years of age is punishable by imprisonment for life, or by imprisonment for five to ninety-nine years. *See* Tex. Penal Code Ann. § 12.32 (West, Westlaw through 2013 3d C.S.), § 22.021(a)(1)(B)(iii), (a)(2)(B), (e). This legislative policy determination is entitled to wide deference. *See Harmelin v. Michigan*, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring) (plurality opinion).

Appellant's forty-five-year sentence falls well below the ninety-nine year maximum permitted by the Texas Penal Code. Therefore, we conclude upon this threshold review that the trial court's sentence of forty-five years in jail is not grossly disproportionate to appellant's commission of aggravated sexual assault of a child less than fourteen years of age, a serious crime with the potential of causing serious emotional harm to the child. *See, e.g.*, *Holder v. State*, 643 S.W.2d 718, 721 (Tex. Crim. App. 1982) (multiple life sentences resulting from convictions in three incidents of aggravated sexual abuse did not violate Eighth Amendment);

*Arriaga v. State*, 335 S.W.3d 331, 336 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (life sentence for aggravated sexual assault of a child did not violate Eighth Amendment); *Williamson v. State*, 175 S.W.3d 522, 525 (Tex. App.— Texarkana 2005, no pet.) (three consecutive life terms for three counts of aggravated sexual assault of a child did not violate Eighth Amendment); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.) (fifty-five-year sentence for aggravated sexual assault of a child did not violate Eighth Amendment).

We overrule appellant's fourth issue.

**D.      The trial court did not abuse its discretion when it denied appellant's motion for new trial.**

In his second issue, appellant contends the trial court abused its discretion in denying his motion for new trial. The grounds for appellant's motion for new trial were ineffective assistance of counsel and excessive punishment in violation of the Eighth Amendment. Because we have determined that (1) appellant did not receive ineffective assistance of counsel and (2) appellant's punishment did not violate the Eighth Amendment, we hold that the trial court did not abuse its discretion when it denied appellant's motion for new trial. *See Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (decisions on motions for new trial are reviewed for abuse of discretion); *see, e.g.*, *Pena v. State*, No. 14-06-00637-CR, 2007 WL 3287868, at *10 (Tex. App.—Houston [14th Dist.] Nov. 6, 2007, pet. ref'd) (mem. op., not designated for publication). We overrule appellant's second issue.

11

## CONCLUSION

Having overruled each of appellant's issues on appeal, we affirm the trial court's judgment.

/s/    Marc W. Brown
        Justice

Panel consists of Justices McCally, Brown, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).