

# NUMBER 13-21-00289-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

BRYCE ALLEN VARNER,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria

Following the revocation of his deferred adjudication community supervision, the trial court adjudged appellant Bryce Allen Varner guilty of aggravated sexual assault of a child under fourteen years of age, a first-degree felony, and sentenced him to seventy years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.021. In one issue, Varner contends

that his sentence is grossly disproportionate to the crime, constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I.  BACKGROUND

The indictment specifically alleged that Varner "intentionally or knowingly cause[d] the penetration of the female sex organ of M.S. (pseudonym), a child who was then and there younger than 14 years of age, by [Varner's] sexual organ."[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(1)(B)(i)(2)(B).

On October 7, 2019, Varner pleaded guilty to aggravated sexual assault of a child under fourteen years of age pursuant to a plea bargain. The State offered State's Exhibit 1—a written stipulation of the evidence signed by Varner with attachments—into evidence, which was admitted by the trial court. The attachments included police reports indicating that Varner, Michael Phillips, and a juvenile male approached M.S., a thirteen-year-old female, when she was outside her home letting her dog out. Phillips grabbed M.S.'s hair and pulled her to the porch of a house next door. M.S.'s clothes were taken off, and she was held down while the assailants took turns having sexual intercourse with her. The trial court accepted Varner's guilty plea and ordered a pre-sentence investigation report.

On December 4, 2019, the trial court placed Varner on deferred adjudication community supervision for a term of eight years and assessed a one thousand dollar fine.

On August 4, 2021, the State filed its motion to adjudicate guilt, alleging that Varner

---

[1] We use initials to protect the names of complainants. *See* TEX. R. APP. P. 9.8; *Salazar v. State*, 562 S.W.3d 61, 63 n.1 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.).

2

committed ten violations of the conditions of his deferred adjudication community supervision.

On September 1, 2021, the trial court held a hearing on the State's motion to adjudicate guilt. At the hearing, Varner pleaded "not true" to the allegations in paragraphs 1 and 2 of the State's motion to adjudicate but pleaded "true" to the remaining allegations in paragraphs 3–10.[2] The State presented evidence regarding paragraphs 1 and 2 of its motion that Varner changed his residence, failed to report, and failed to verify his change of address to the Aransas County sex offender registration officer. At the conclusion of the hearing, the trial court found all the allegations in the State's motion to adjudicate true, revoked Varner from deferred adjudication community supervision, adjudicated him guilty of aggravated sexual assault of a child under fourteen years of age, and sentenced him to seventy years in the Correctional Institutions Division of the Texas Department of Criminal Justice.

On September 9, 2021, Varner filed his "Motion for Reconsideration of Revocation Sentence." In his motion, Varner contended that the trial court's sentence was cruel and unusual. The record does not contain an order by the trial court granting or denying Varner's motion to reconsider. Varner did not file a motion for new trial.

Varner appealed.

---

[2] Varner pleaded true to the following allegations: (3) failure to report a change of address to a supervision officer within two working days; (4) failure to report in person to a supervision officer for the months of March, April, May, and June 2021; (5) failure to submit to urinalysis two times per month for the months of March, April, May, and June 2021; (6) failure to successfully complete the Sex Offender Treatment Program sponsored by The Grey Matters Group, LLC; (7) withdrew himself from The Grey Matters Group, LLC without written release of the trial court; (8) failure to pay a fine and court costs; (9) failure to pay a Crime Stoppers fee; and (10) failure to pay a Sexaul Assault Program fee.

## II.    GROSSLY DISPROPORTIONATE SENTENCE

Varner raises a single issue in which he challenges his seventy-year sentence as constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution due to being grossly disproportionate to the crime. *See* U.S. CONST. amend. VIII. The State contends that Varner failed to object to his sentence at the hearing on the State's motion to adjudicate.

### A.    Waiver

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court and obtain a ruling. See TEX. R. APP. P. 33.1(a). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State,* 934 S.W.2d 113, 120 (Tex. Crim. App.1996); *Noland v. State,* 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."). Here, Varner argued his sentence was cruel and unusual in a post-trial motion to reconsider. Therefore, Varner preserved his complaint for our review, and we proceed to the merits of his complaint.

### B.    Standard of Review & Applicable Law

"When we review a trial court's sentencing determination, 'a great deal of discretion is allowed the sentencing judge.'" *Alvarez v. State*, 525 S.W.3d 890, 891 (quoting *Jackson*

4

*v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). "We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm." *Id.* (citing *Jackson*, 660 S.W.2d at 814). The Eighth Amendment—made applicable to the states through the Fourteenth Amendment—prohibits the imposition of cruel and unusual punishments, which includes extreme sentences that are grossly disproportionate to the crime. *See Graham v. Florida*, 560 U.S. 48, 58–60 (2010); *see also* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."); *id.* amend. XIV. "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *see also State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) ("[T]his Court has traditionally held that punishment assessed within statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual.")

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323. "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences

5

imposed for the same crime in other jurisdictions." *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

**C.    Discussion**

Varner's seventy-year sentence for the crime of aggravated sexual assault of a child under fourteen years of age is within the statutorily prescribed punishment for a first-degree felony and below the ninety-nine year maximum. *See* TEX. PENAL CODE ANN. §§ 12.32(a) (providing that a first degree felony is punishable by imprisonment "for life or for any term of not more than 99 years or less than 5 years"); 22.021(e) (providing that aggravated sexual assault is a first-degree felony); *see also Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) ("[R]egardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits."). We also note the circumstances and gravity of the offense involved in this case: M.S., a child younger than fourteen, was dragged by her hair to the porch of a nearby house from outside her home, held down, and sexually assaulted by Varner along with two other male assailants. The effect of Varner's conduct and the harm caused to M.S. is immense.

Varner claims his circumstances constitute the "rare case," points out that the record does not contain evidence of any prior criminal history, that he was only seventeen at the time of the offense, and that the State described a co-defendant as the "ring-leader"

of the offense at his plea bargain hearing on October 7, 2019. *See Simpson*, 488 S.W.3d at 323. While these considerations are relevant to a trial court's normative punishment decision, they do not substantiate Varner's claim that his sentence was grossly disproportionate to the harm caused. *See id.* at 324 (holding that evidence of the appellee's minimal role in the offense, the age and circumstances of the prior offenses, his need for drug treatment, and his employment was relevant to the trial court's punishment decision but did not substantiate appellee's claim that his sentence was unconstitutional); *see also Ex parte Chavez*, 213 S.W.3d at 323–24; *Simpson*, 488 S.W.3d at 323–24 ("Certainly, where there cannot be even an inference that the sentence was disproportionate to the crime, it cannot be said that the Eighth Amendment claim was 'substantiated.'").

We conclude upon this threshold review that the trial court's seventy-year sentence is not grossly disproportionate to Varner's commission of aggravated sexual assault of a child less than fourteen years of age. *See Simpson,* at 323; *see also, e.g., Holder v. State,* 643 S.W.2d 718, 721 (Tex. Crim. App. 1982) (holding that multiple life sentences resulting from convictions in three incidents of aggravated sexual abuse did not violate the Eighth Amendment); *Arriaga v. State,* 335 S.W.3d 331, 336 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding that life sentence for aggravated sexual assault of a child did not violate the Eighth Amendment); *Williamson v. State,* 175 S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.) (holding that three consecutive life terms for three counts of aggravated sexual assault of a child did not violate Eighth Amendment). We overrule Varner's sole issue.

### III.    CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2 (b).

Delivered and filed on the
6th day of April, 2023.

8